780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
EDWARD P. RAKAUSKAS, Plaintiff-Appellant,
v.
WILLIAM GARGIULO; MORRIS BECKER, MAYOR; SABRINA KELLEY; JOHN
(TOM) DOE, AN UNKNOWN EASTLAKE OFFICER, Defendant-Appellees.
 83-3728
 United States Court of Appeals, Sixth Circuit.
 11/6/85
 
 AFFIRMED IN PART-REVERSED IN PART-REMANDED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: MARTIN and JONES, Circuit Judges; and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Rakauskas appeals the district court's order denying injunctive relief and dismissing his suit. Rakauskas has been summoned to municipal court for violating a city ordinance governing signs, but before his trial began, he sought equitable relief and damages in federal district court on the grounds that the ordinance deprived him of his constitutional rights. On review of the issues raised, we affirm in part, reverse in part, and remand for further proceedings.
 
 
 2
 Rakauskas, a homeowner in Eastlake, Ohio, painted large signs on his house and garage criticizing local public officials. His neighbors complained. In May 1982, the zoning inspector notified Rakauskas that his signs violated Eastlake's sign ordinances and that he must remove them. He did not comply, and in July 1982, the City of Eastlake filed a 'Complaint and Summons' in Mentor Municipal Court, alleging violation of Eastlake Codified Ordinance chapter 1347.14.
 
 
 3
 A trial was set. In a pre-trial motion, Rakauskas argued that the sign ordinances were unconstitutional, but the motion was denied. In this order, the municipal court referred to the proceedings as criminal in nature.
 
 
 4
 On June 10, 1983, prior to the trial date of June 17, 1983, Rakauskas filed a complaint in federal district court. He sought to enjoin the state proceedings and also sought declaratory relief and damages pursuant to 42 U.S.C. Sec. 1983 and the First and Fourteenth Amendments to the Constitution of the United States. The defendants were the Eastlake City Prosecutor, the Mayor of Eastlake, an Eastlake zoning inspector, and an Eastlake police officer.
 
 
 5
 On June 16, 1983, the district court held a hearing, at which the request for a temporary restraining order was consolidated with a hearing on the merits of the complaint. The court denied injunctive relief. After addressing the merits and determining that chapter 1347.14 did not violate the Constitution, the court dismissed the complaint.
 
 
 6
 We find that the court's denial of a temporary restraining order to halt the proceedings in the municipal was entirely proper. Under Younger v. Harris, 401 U.S. 37 (1971), a federal court may not enjoin a pending criminal proceeding in state court unless the party can show that he is unable to vindicate his right through the state court proceedings or that irreparable harm will occur. A federal court may enjoin a state court proceeding when there is evidence that the state prosecution is brought in bad faith or is part of a series of prosecutions to harass. Id. at 53. The state proceedings in this case were described by the municipal court as criminal and by the district court as quasi criminal. Rakauskas did not allege or prove any of the exceptional circumstances. Therefore the district court properly denied injunctive relief. The court's opinion did not expressly dispose of the claim for declaratory relief, but such relief was also precluded by the Younger doctrine. See Samuels v. Mackell, 401 U.S. 66, 73 (1971) (determining that 'where an injunction would be impermissible under these [Younger] principles, declaratory relief should ordinarily be denied as well').
 
 
 7
 Next, we find that the district court failed to recognize expressly the request for damages or to explain whether it believed that Younger precluded its adjudication of the damages claim. Consequently, we reverse the dismissal and remand for further proceedings. In doing so, we note that on remand the district court will need to determine what constitutional questions were litigated in the state court and what preclusive effect such adjudications, if any, should be given. See Haring v. Prosise, 462 U.S. 306, 316-17, (1983); Allen v. McCurry, 449 U.S. 90, 103-04 (1980); Elliott v. University of Tennessee, No. 84-5692, slip op. at 14 (6th Cir. May 30, 1985). We further note that, although Rakauskas was charged under only one section of the Eastlake ordinances regarding signs, ch. 1347.14, it appears that in order to be charged under that provision it is necessary to have violated at least one substantive requirement of the ordinances. Thus, depending on its resolution of the other issues, the district court may need to make further findings of fact regarding the exact nature of Rakauskas' violation.
 
 
 8
 We therefore AFFIRM the denial of equitable relief, REVERSE the dismissal, and REMAND for further proceedings consistent with this opinion.